## TOWN OF WHITFIELD
### V.
### WILLIAM HORROCKS.

DEDICATION OF ROAD—ACCEPTANCE—INJUNCTION —The court is of opinion that the evidence clearly establishes a dedication of the road by appellee to the public and an accep'ance of it by the town prior to the conveyance of the property to appellee's son, and since there was at the time of trial a legally established highway, it was error for the court below not to make the injunction restraining appellee from interfering with the road perpetual as to appellee's wife, to whom the son had conveyed the property, as well as appellee.

APPEAL from the Circuit Court of Marshall county; the Hon. JOHN BURNS, Judge, presiding.   Opinion filed August 20, 1884.

The bill shows that there was of record in the town clerk's office of the town of Whitfield, an order made by the commissioners of highways of said town on the 9th day of March, 1866, laying out the road in controversy; a plat of the road is made an exhibit.   That about the year 1860, the owners of the lands along the route of the road were desirous of having it defined and of record, and where not traveled on the same route since white men first came, to locate it as near the bluff as practicable.

That within a year after the road was laid out, it was open to travel by the highway commissioners with the consent of the several owners of the land over which it passed; that no damages were assessed or claimed, or paid; that the land was donated by the several owners to the public for a highway; that the road had remained open to travel to the time of filing the bill as a highway, with some trivial changes; that such changes have been all on the land of the respondent Horrocks; that the road had been closed upon Horrocks' land since about the 1st day of December, 1880, to the time of the filing of the bill; that about the 1st day of February, 1879, Horrocks moved his fence in westerly, and into the east side of the road, about

eight or ten feet at the point of greatest intrusion; that thereupon the commissioners of highways went to Horrocks, and it was agreed then and there by them and Horrocks that the road should remain as altered by Horrocks, and that afterward Horrocks worked said road on his land, fenced the same on both sides, leaving out the road as a lane on the route of the road, and for his work the commissioners paid him out of the road and bridge fund in their hands. That Horrocks is in possession of about fifteen acres off of the north end of the N. E. one quarter of the N. E. one quarter, and E. one half S. E. one quarter N. E., all in Section 26, T. 13, R. 9, E. 4 P. M., over which said road passes. That the road was largely traveled. About November, 1880, William Horrocks obstructed the road by building a fence across it, and had continued the obstruction to time of filing the bill, and wholly obstructed travel; that after notice to him to remove obstructions, the commissioners commenced an action against him in the name of the town, for a penalty under the statute for such obstructions, and the continuance of the same; that the suit was prosecuted, and on Nov. 23, 1880, before one Disoway, a justice of the peace of said county, a recovery was had against Horrocks for $330 penalty and $52.10 costs; that the judgment was then in force and unpaid because of the pecuniary irresponsibility of Horrocks. The bill prays for an injunction, which was granted, to restrain the defendant from further obstructing the highway passing over his lands, or in any manner interfering with the use of the same by the public as a highway until the further order of court, and upon final hearing the same might be made perpetual and the road be declared a public highway. The grounds for the injunction were irreparable mischief, impecuniosity of defendants, and to save a multiplicity of suits. The amended bill shows that August 30, 1879, the defendants, William and Frances Horrocks conveyed the land to George Horrocks, a son, and it was recorded Sept. 4, 1881, and on Jan'y 8, 1881, George conveyed the same to Frances. That those conveyances were without consideration, merely colorable and without change of possession.

The answer denies the main allegations in the bill, and states

that they did not own the land in 1866, and denies former declaration. The court upon the final hearing found that there was no legally established highway as set out in the bill, and dismissed the bill as to Frances Horrocks, and assessed damages to her on the injunction bond in the sum of $110. The injunction as to William Horrocks was made perpetual; that William Horrocks pay one fourth the costs and the town the remainder.

Mr. FRED. S. POTTER and Messrs. MAYO & WIDMER, for appellant.

Mr. JOSEPH E. LONG and Mr. CHAS. C. JONES, for appellees; as to what constitutes a dedication, cited Town of Princeton v. Templeton, 71 Ill. 68; Kelley v. City of Chicago, 48 Ill. 388; Fisk v. City of Chicago, 38 Ill. 322; Rees v. City of Chicago, 38 Ill. 322; Harding v. Town of Hale, 61 Ill. 192

LACEY, J. We have carefully examined the evidence in the case, and think that the allegations in the bill are substantially proved. The evidence shows that there had been a traveled track across the land as far back as 1840, and in 1866 the commissioners had the road surveyed, and located the same from ten to forty rods further west, up near the foot of the bluff. In 1870 or 1871 appellee, William Horrocks, lived on the land, and built his fence very near the east line of the surveyed road, and also built a house west of it and also lots, leaving a lane for the road, and the public used the road from that time to the time it was obstructed in 1880, and worked it and expended money on it. Wm. Horrocks, prior to the conveyance to his son, worked the road at public expense, and even told the commissioners of highways that they could have the road on the line where it then was or on the surveyed line. In 1879 Wm. Horrocks and wife, Frances, conveyed the land to their son George, and in January, 1881, George conveyed the land back to his mother. In 1880 the road was fenced up, and in November, 1880, William was fined for obstructing it.

We think the evidence clearly establishes a dedication of the road by Wm. Horrocks to the public, and an acceptance of it by it, prior to the conveyance to his son George by Wm. Horrocks, and that there was at the time of trial a legally established highway, and that the court below erred in not making the injunction perpetual as to Frances, as well as William Horrocks.

The decree of the circuit court is therefore reversed and the cause remanded.

Reversed and remanded.